Carter Taylor et al. v. J. C. Lewis et al.

Decided June 4, 1904.

**Boundaries—Construction of Calls.**

Where one of the lines of an original survey was not actually run out, but it called for course and distance and also for the line of a prior survey on that side, which could be reached only by exceeding the call for distance, and there was evidence that it was intended, in making such survey and location, to cover all the vacant land up to such adjacent prior survey, it should have been left to the jury to determine where the line should extend to, and whether the intent of the locator was in fact to include all of the vacant land there.

Appeal from the District Court of Knox. Tried below before Hon. H. R. Jones.

*Glasgow & Kenan* and *C. E. Coombs,* for appellant.

*G. B. Landrum, J. M. Morgan,* and *L. W. Dalton,* for appellees.

CONNER, Chief Justice.—This is a consolidated boundary suit instituted by the appellants, who are owners of the James Hefflefinger survey, against appellees, who are claimants of the James Patton No. 1 and the James Patton No. 2, adjacent to the Hefflefinger survey on the west. The Hefflefinger is the elder survey, bounded on the east by block C of a system of surveys made for the Columbus Tap Railway Company. The east boundary line of this system of surveys is well identified by established corners. The northeast and southwest corners of the Hefflefinger survey and the east line thereof were established on the ground by the surveyor locating the same; the other lines, and corners were never established, the calls on the west being, by course and distance, for certain sections in block C of the H. & T. C. R. R. Co. surveys. The Patton surveys are supposed to have been located upon unappropriated land lying between the Hefflefinger and said block C, H. & T. C. R. R. Co. surveys. The court on the trial gave a peremptory instruction to the jury to find for appellees, and the verdict and judgment was accordingly in their favor, from which this appeal has been prosecuted.

We are of opinion that the court was in error in taking the case from the jury. It is true that if the western corners and lines of the Hefflefinger survey be established in accord with the calls for course and distance the land in controversy will not be included. But the application for the location and survey of the Hefflefinger was for all of the unappropriated land situated between the two systems of surveys mentioned. The patent to the Hefflefinger also purports on its face to cover all of such unappropriated lands. The contention of appellees appears to be that the east line of block C, H. & T. C. R. R. surveys, is 110 varas (the width of the Patton surveys) west of the west line of the Hefflefinger survey. While the location of the lines and surveys in block C,

H. & T. C. R. R. Co. lands, do not appear to have been clearly established, we nevertheless think that it should have been left to the jury to determine where such lines should be established, and whether the intent of the locator of the Hefflefinger was in fact to include all of the vacant and unappropriated land between the two systems of surveys named, or to stop with the calls for distance from the east line of the Hefflefinger. See Robertson v. Mooney, 1 Texas Civ. App., 379; Maddox Bros. v. Fenner, 79 Texas, 279.

Judgment reversed and cause remanded.

*Reversed and remanded.*